IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: RICHARD HORACE COLE JR.<br>    aka RICHARD H. COLE<br>    aka RICHARD COLE JR.<br>    SHARI W. COLE<br>    aka SHARI WAGNER COLE<br>    aka SHARI E. COLE<br>      Debtor<br><br>JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE<br>    Objectant<br><br>    vs.<br><br>GARY J. IMBLUM, ESQUIRE<br>    Applicant | : CHAPTER 13<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: CASE NO. 1:22-bk-01049-HWV<br>: |

**TRUSTEE'S OBJECTION TO FIRST
APPLICATION OF ATTORNEY FOR CHAPTER 13 DEBTOR
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

AND NOW, this 27th day of April, 2023, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, who objects, pursuant to 11 U.S.C. § 330(a)(2), to the First Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses filed on April 11, 2023 and states as follows:

**Facts**

1. Objectant Jack N. Zaharopoulos is the duly appointed Trustee in this case and, therefore, the representative of the Estate under § 323(a).

2. On June 6, 2022, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code. (ECF No. 1).

3. On April 11, 2023, Applicant filed his First Application for Interim Compensation and Reimbursement of Expenses. (ECF No. 70).

1

4. Applicant's First Fee Application requests $12,901.88 in compensation and reimbursement of expenses. (ECF No. 70).

5. The District has determined that $4,500.00 is a presumptively reasonable fee ("PRF") for an attorney representing a Debtor in a Chapter 13 Bankruptcy filed in this District throughout the conclusion of the case. L.R. 2016-2 (c)

6. The Fees and Compensation in the present case total approximately $14,401.88 including the First Fee Application and a retainer in the amount of $1,500. (ECF No. 70).

### **Applicable Law**

7. The PRF should be used "as a guide or 'starting point' to what should be considered a 'reasonable fee in a routine Chapter 13 case in this District." *In re Badyrka*, No. 5:20-20-03618-MJC, 2022 WL 4656034 at *6 (Bankr. M.D. Pa. Sept. 30, 2022) (citation omitted).

8. Under § 330(a), the Court may award reasonable compensation for actual, necessary services rendered by the attorney and paraprofessionals employed by the attorney, the reasonableness to be based on (i) the nature of the services, (ii) the extent of the services, (iii) the value of the services, (iv) the time spent on the services and (v) the cost of comparable services in non-bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 840 (3rd Cir. 1994).

9. Chapter 13 debtors' attorneys may be awarded fees pursuant to § 330(a)(4)(B), which allows **reasonable** fees for representing the interests of Chapter 13 debtors in connection with the bankruptcy case "based on consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." Attorney fees are subject to Court review for reasonableness irrespective of whether the debtor is in agreement with the fee amount. § 329(b); *In re Parilla*, 530 B.R. 1, 10 (Bankr. D.P.R. 2015).

2

10. The Third Circuit has noted that "[d]isagreeable as the chore may be, the bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." *Busy Beaver,* 19 F.3d at 844 (citation omitted).

11. The "court shall not allow compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." § 330(a)(4)(A).

12. Under Bankruptcy Rule 2017(b), the Court "may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive . . .." Fed. R. Bankr. P. 2017(b).

13. The applicant bears the burden of proving that the fees and expenses sought are reasonable and necessary. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3rd Cir. 1995). "When the issues are not complex and the process is straightforward, an attorney is expected to exercise 'billing judgment' and is encouraged to reduce its customary fees in appropriate circumstances to reflect a less substantial expenditure of the attorney's time." *In re Parilla*, 530 B.R. 1, 13 (Bankr. D.P.R. 2015) (quoting *In re Thorn*, 192 B.R. 52, 56 (Bankr. N.D.N.Y. 1984).

14. "Excessive attorney's fees should not be awarded where such award contravenes the purposes of Chapter 13." *In re Tcherneva*, 638 B.R. 676 (Bankr. E.D.N.Y. 2022).

15. The Court must conduct an objective inquiry based upon what services a reasonable lawyer or law firm would have performed in the same circumstances. *In re Fleming Companies, Inc.*, 304 B.R. 85, 89-90 (Bankr. D. Del. 2003). A "judge's experience with fee petitions and his or her expert judgment pertaining to appropriate billing practices, bounded on an understanding of

the legal profession, will be the starting point for any analysis." *Id.* (citing *Busy Beaver*, 19 F.3d at 854). When making its consideration, the Court is not required to make a line-by-line analysis of the fee application, and a sampling will suffice. *See*, e.g., *In re Maruko, Inc.*, 160 B.R. 633, 642 (Bankr. S.D. Cal. 1993). Since "its time is precious, the reviewing Court need only correct reasonable discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled." *Busy Beaver*, 19 F.3d 833 at 844-845; *see* also *In re Strauss*, No. 21-00995-MJC (Bankr. M.D. Pa. Mar. 31, 2023).

16. The Court may use a percentage deduction as a practical means of "trimming fat from a fee application" if the Court determines that some of the time claimed by a party should be excluded. *In re Nicholas*, 496 B.R 69, 76 (Bankr. E.D.N.Y. 2011). *See* also *In re Old Summit Mfg., LLC*, 323 BR. 154, 162-163 (Banr. MD. Pa. 2004) (50% reduction); *In re Sullivan,* 674 F.3d 65 (1st Cir. 2012); *In re Claudio*, 459 B.R. 500 (Bankr. D. Mass. 2011); *In re Spillman Dev. Grp., Ltd.,* 376 B.R. 543 (Bankr. W.D. Tex. 2007).

17. Judge France previously stated "[a] bankruptcy court must balance adequately compensating attorneys in order to encourage competent counsel to represent bankruptcy debtors with insuring that the costs of administration do not consume assets that otherwise would be available to creditors. In making a fee determination, the court must take into consideration whether the professional exercised "reasonable billing judgment." *In re Fontaine*, 2015 WL 5162557, at *3 (Bankr. M.D Pa. 2015).

18. Finally, with regard to defending fee applications, the Supreme Court has been clear in stating: "Section 330(a)(1) itself does not authorize the award of fees for defending a fee application, and that is the end of the matter." *Baker Botts LLP v. Asarco LLC*, 135 S. Ct. 2158, 2169 (2015).

## Analysis and Facts Specific to the Present Fee Application

19. The Trustee avers that the total attorney fees charged thus far in this non-complex Chapter 13 case are grossly excessive. There do not appear to have been any issues presented in the case that were otherwise unique or beyond the ordinary administration of the case that would warrant compensation and expenses in the amount of $12,901.88 as outlined in Applicant's First Fee Application.

20. As Judge Conway has noted, "[t]o incur over $10,000.00 in attorney's fees in a routine Chapter 13 case, on an interim basis, more closely compares to billings in complex Chapter 11 cases in this District rather than a routine Chapter 13 case." *In re Badyrka*, 2022 WL 4656034 at *10.21.

21. Specifically, the Trustee avers the First Fee Application is not reasonable for the following reasons:

   a. The Fee Application includes charges that are excessive under § 330(a)(4)(A) as follows:

      1) Between February 24, 2022 and May 5, 2022, Applicant billed a total of $54.00 for the mere purpose of scheduling an appointment. (ECF No. 70-2). This is part of overhead and should not be billable.

      2) On June 6, 2022, Applicant billed .4 hours for a total of $54.00, at paralegal time, for "[o]nline search for contact information for Sewer Authority; Drafted automatic stay letter to counsel for Sewer Authority; Prepared emergency filing paperwork and emailed it to Attorney for review and e-signature; E-filed emergency Petition." In addition to this, Applicant also billed at the very next time entry

5

"Faxed automatic stay letters to Sewer Authority and to counsel for Sewer Authority; Reviewed successful transmission receipts ; Email to clients with copy of stay letter and instruction as to what secured creditors to resume payment to; Follow up memo to file with deadline to file remaining Schedules and Plan." (ECF No. 70-2). Accordingly, the time entries are duplicative and the $54.00 should be disallowed.

3) On June 7, 2022, Applicant billed .1 hour for a total of $29.50 for "Review of Notice of Incomplete Filing." (ECF No. 70-2). This should not be billable as counsel was aware of what was filed the day prior as an emergency petition.

4) On June 7, 2022, Applicant billed, at attorney time, .1 hour for a total of $29.50 "Review of Entry of Appearance for PRA Receivables." (ECF No. 70-2). This appears to have been unnecessary at that juncture and therefore should not be billable.

5) On June 15, 2022, Applicant billed, at attorney time, .1 hour for a total of $29.50 "Review of Entry of Appearance for CSMC." (ECF No. 70-2). This appears to have been unnecessary at that juncture and therefore should not be billable.

6) On June 17, 2022 (Item # 1694228), Applicant charged .3 hours in the amount of $88.50 for "Review of calendar reminder; Review of file; Draft Motion to Extend Time to file Schedules and Plan", which is excessive where the task could have been delegated and billed at a lower rate. (ECF No. 70-2);

6

Case 1:22-bk-01049-HWV    Doc 72    Filed 04/27/23    Entered 04/27/23 14:17:46    Desc
Main Document      Page 6 of 9

7) On June 21, 2022, Applicant billed, at attorney time, .1 hour for a total of $29.50 "Review of Entry of Appearance for Springfield Township." (ECF No. 70-2). This appears to have been unnecessary at that juncture and therefore should not be billable.

8) On June 28, 2023, Applicant filled .1 hour for a total of $29.50 for "Review of Order extending time to file Schedules; Follow up memo to file." (ECF No. 70-2). This is an Order expected and resulting from a routine Motion filed by Applicant and should not be billable.

9) On August 3, 2022, Applicant billed $81.00 at paralegal time to "Revise, Scan and Efile Schedules, Statements, Means Test and Plan; redacted and emaild both 2021 tax returns to the Trustee; emailed Trustee email addresses for Zoom 341 Meeting." (ECF No. 70-2). This amount is excessive.

10) Between the dates of November 19, 2022 and February 27, 2023, Applicant billed a total of $1,470.00 to defend against a Motion for Relief from Stay, which did not even go to hearing. (ECF No. 70-2). This amount is excessive and unreasonable.

11) Applicant charged approximately 7.7 hours in the amount of $1,953.50 to assist Debtors in obtaining student financial aid for their son. (ECF No. 70-2). This includes research done by an associate charged in the amount of 5.3 hours, or $1,245.50 which is excessive. (ECF No. 70-2). The tasks performed were not necessary to the administration of the bankruptcy estate, and should not be allowed.

7

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing, appropriately adjust Applicant's request for compensation.

Respectfully submitted,

Jack N. Zaharopoulos  
Standing Chapter 13 Trustee  
8125 Adams Drive, Suite A  
Hummelstown, PA 17036  
(717) 566-6097

BY: /s/ Douglas R. Roeder  
Attorney for Trustee

# CERTIFICATE OF SERVICE

AND NOW, this 27th day of April, 2023, I, hereby certify that I served a copy of this Objection either electronically or by depositing the same in the United States Mail, at Hummelstown, Pennsylvania, postage prepaid, first class, addressed to the following:

Gary Imblum, Esquire
4615 Derry Street
Harrisburg, PA  17111
gary.imblum@imblumlaw.com

        /s/Elizabeth R. Fitzgerald
        Paralegal for Chapter 13 Trustee
        8125 Adams Drive, Suite A
        Hummelstown, PA 17036
        (717) 566-6097